**Linzhi DONG, Petitioner,**

v.

**Alberto GONZALES, Respondent.**

**No. 06–4011–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2007.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

David R. Dugas, United States Attorney for the Middle District of Louisiana, James P. Thompson, Catherine M. Maraist, Assistant United States Attorneys, Baton Rouge, LA, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Linzhi Dong, a citizen of the People's Republic of China, seeks review of an August 4, 2006 order of the BIA denying her motion to reopen. *In re Linzhi Dong*, No. A70 899 563 (B.I.A. Aug. 4, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen must be filed within 90 days after the date on which a final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). However, time and numerical limitations do not apply to a motion to reopen that is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii).

Contrary to Dong's arguments, we have found that "changed circumstances" under 8 C.F.R. § 1003.2(c)(3)(ii) do not include changes in personal circumstances. *See Guan v. BIA*, 345 F.3d 47, 49 (2d Cir.2003). Accordingly, the BIA did not abuse its discretion in finding that Dong failed to establish changed circumstances in China, where her motion to reopen was based on the birth of two children in the United States. To the extent that Dong alleges a change in Chinese law, she does so for the first time before this Court.

**660**

Accordingly, based on the record before it at the time, the BIA did not abuse its discretion in denying Dong's motion to reopen based on her family planning claim. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260 (2d Cir.2007).

■ Nevertheless, we remand this case to the BIA, as both parties urge, because it failed to address whether Dong's case warranted reopening on account of her adjustment of status application. *Kaur,* 413 F.3d at 233–34. We do not reach Dong's ineffective assistance of counsel claim, which we deem waived because she did not raise it in her brief before this Court. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We also do not reach Dong's challenge to the BIA's decision not to reopen her case pursuant to its *sua sponte* power, because such a decision is "entirely discretionary." *Azmond Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).

For the foregoing reasons the petition for review is GRANTED in part, DENIED in part and DISMISSED in part. In addition, any pending motion to stay removal is DISMISSED as moot. Any pending request for oral argument in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).